UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JACKIE LAMBERT, et al. | Civil Action No. 6:04-CV-00985 |
| versus | Judge Tucker L. Melançon |
| STATEWIDE TRANSPORT, INC. | Magistrate Judge Mildred E. Methvin |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Rec. Doc. 52] filed by Defendant Statewide Transport, Inc., Plaintiffs' Opposition [Rec. Doc. 54], and Defendant's Reply [Rec. Doc.59]. For the following reasons, Defendant's Motion for Summary Judgment will be granted.

*I. Background*

This suit was filed on April 30, 2004. Plaintiffs' allege that Statewide Transport, Inc. (Statewide) failed to pay the statutorily required overtime rate for all hours worked in excess of forty hours per week in violation of 29 U.S.C. § 207(a), the Fair Labor Standards Act (FLSA). Defendant avers that the Motor Carrier Act

1

exemption, 29 U.S.C. § 213(b)(1), disqualifies Plaintiffs from receiving the benefits afforded to employees under the FLSA.

On October 14, 2005, the Court denied Statewide's initial Motion for Summary Judgment [Rec. Doc.24], finding that Defendant had not carried its burden in establishing that the parties were involved in interstate commerce, as required under the Motor Carrier Act exemption. The Court further found in rendering its Ruling [Rec. Doc. 42] that the provisions of the FLSA were applicable, Statewide was a "motor carrier" as defined by the Motor Carrier Act, and that each plaintiff fit within a job function covered by the Motor Carrier Act.

After conducting a telephone conference with the attorneys for the parties on November 17, 2005, the Court upset the trial date and extended the submission deadline for filing dispositive motions on the sole issue of whether the work in question involved interstate commerce.

*II. Standard for Summary Judgment*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find

that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*III. Analysis*

*The Motor Carrier Act Exemption and Interstate Commerce*

In its October 14, 2005 Ruling denying Defendant's initial Motion for Summary Judgment, the Court held that except for not being able to ascertain from the record whether the work in question involved interstate commerce, all other elements of the Motor Carrier Act exemption were satisfied. Thus, the Court need now only consider whether the parties were involved in interstate commerce within the meaning of said Act.

To qualify for the exemption, the employee must be engaged "in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2.

The Regulations provide direction for analyzing interstate commerce. "Highway transportation by motor vehicle from one State to another, in the course of

which the vehicles cross the State line, clearly constitutes interstate commerce." 29 C.F.R. § 782.7(b)(1). "The result is no different where the vehicles do not actually cross State lines but operate solely within a single State, if what is being transported is actually moving in interstate commerce." *Id.*

Federal law focuses on commerce at the shipment level in identifying interstate commerce for Motor Carrier Act exemption purposes. See 49 U.S.C.A. § 13501(granting jurisdiction to the Secretary of Transportation "over transportation by motor carrier . . . [of] passengers, property, or both" in interstate commerce); 29 C.F.R. § 782.2 (exempting employees whose job duties affect "motor vehicles on the public highways . . . in interstate or foreign commerce"); *Merchant Fast Motor Lines, Inc. v. I.C.C.*, 5 F.3d 911 (5th Cir. 1993) (differentiating interstate commerce from intrastate commerce based on the nature of the cargo); *Sinclair v. Beacon Gasoline Co.*, 447 F. Supp. 5, 9 (W. D. La. 1976) (holding that the character of the transported property determines whether the motor vehicle was involved in interstate commerce).

Although Defendant has failed to keep travel logs for each employee, the Court is convinced, based on the record before it, that all of the plaintiffs were involved "in

activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce." 29 C.F.R. § 782.2. Ninety-seven (97%) percent of all of Statewide's cargo crossed state lines. (*Defendant's Memorandum*, p. 1; *Supplemental Affidavit of Dwayne Martin*, ¶ 2). Twenty-four (24) of Defendant's eighty-six (86) daily routes crossed into Texas. (*Supplemental Affidavit of Dwayne Martin*, ¶ 3). Four (4) of the twenty-eight (28) daily deliveries routed through the Lafayette, Louisiana facility crossed state lines. (*Id*). Contrary to Plaintiffs' contention, whether Plaintiffs actually drove into other states to pick up or deliver goods is of no moment. An overwhelming degree of Statewide's business involved the transportation of goods in company vehicles across state lines, "which clearly constitutes interstate commerce." 29 C.F.R. § 782.7(b)(1). The remainder of Statewide's business involved the further disbursement of this same and other cargo within Louisiana. (*Supplemental Affidavit of Dwayne Martin*, ¶ 2). Regardless of each plaintiff's frequency in crossing state lines as a function of their job performance, the defendant and its entire network were engaged in the transportation

of goods in between, at least, Texas and Louisiana.[1] (*Id*). As such, the Court finds that the parties were, at a minimum, "link[s] in the chain of interstate commerce." *Merchant Fast Motor Lines, Inc. v. I.C.C.*, 5 F.3d 911, 917 (5th Cir. 1993).

Since the Court previously held that all other elements of the Motor Carrier Act exemption were satisfied, the Court now finds that the plaintiffs are exempted from FLSA protections. Accordingly, Defendant's Motion for Summary Judgment will be granted and Plaintiffs' claims will be dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court finds that no genuine issues of material fact exist regarding the applicability of the Motor Carrier Act exemption to the overtime provisions of the Fair Labor Standards Act. Accordingly, Defendant's Motion for Summary Judgment will be granted and Plaintiffs' claims will be dismissed with prejudice.

---

[1] However, the record does reflect that four of the six named plaintiffs did in fact make deliveries in between Texas and Louisiana. Jackie Lambert drove and trained in Texas. (*Lambert dep.*, pp 10-11; *Lambert Affidavit*, Plaintiffs' Exhibit E). Tashon Cooper made deliveries to Houston, Texas. (*Cooper dep.*, pp. 17, 20; *Cooper Affidavit*, Plaintiffs' Exhibit C). Adam Mercier made deliveries into Texas. (*A. Mercier Affidavit*, Plaintiffs' Exhibit D). Tonya Sam drove to Houston, Texas. (*Sam dep.*, p. 15).